**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**GEORGE WEBB SWEIGERT,** *et al.***,**

*Plaintiffs*

**v.**

**JOHN PODESTA,** *et al.***,**

*Defendants*.

**Case No: 1:17-cv-02330-RC**

**Judge Rudolph Contreras**

<u>**DEFENDANT RANA'S MOTION TO DISMISS**</u>

Defendant Rana, by and through undersigned counsel, respectfully moves pursuant to

Fed R. Civ. P. 12(b) to dismiss claims against Haseeb Rana for lack of standing and for failure to

state a claim upon which relief can be granted. In support of this Motion, the Court is

respectfully referred to the accompanying Memorandum of Points and Authorities.

Defendant Rana requests a hearing on this Motion.

Respectfully submitted,

Dated: <u>December 18, 2017</u>

/s/      *Jesse Winograd*
Jesse I. Winograd
DC Bar No.: 986610
Gowen Rhoades Winograd & Silva PLLC
513 Capitol Court N.E., Suite 100
Washington, D.C. 20002
Phone: (202) 380-9355
Facsimile: (202) 499-1370
E-mail: jwinograd@gowenrhoades.com
*Counsel for Defendant Haseeb Rana*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2017, I filed the foregoing with the Clerk

of the United States District Court for the District of Columbia by using the CM/ECF system, which

has provided electronic notice to all counsel of record, and I have served the following individual by

first-class U.S. mail and electronic mail:

    George Webb Sweigert
    Country Inn
    8850 Hampton Mall Drive N.
    Capitol Height, MD 20743
    georg.webb@gmail.com

                Respectfully submitted,

Dated: <u>December 18, 2017</u>        <u>/s/      *Jesse Winograd*</u>
                Jesse I. Winograd
                DC Bar No.: 986610
                Gowen Rhoades Winograd & Silva PLLC
                513 Capitol Court N.E., Suite 100
                Washington, D.C. 20002
                Phone: (202) 380-9355
                Facsimile: (202) 499-1370
                E-mail: jwinograd@gowenrhoades.com
                *Counsel for Defendant Haseeb Rana*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**GEORGE WEBB SWEIGERT,** *et al.*,

                    *Plaintiffs*

       **v.**

**JOHN PODESTA,** *et al.*,

                   *Defendants*.

**Case No: 1:17-cv-02330-RC**

**Judge Rudolph Contreras**

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT RANA'S MOTION TO DISMISS

Plaintiff George Webb Sweigert's ("Webb") Complaint against John Podesta, *et al.*, including, among others, defendant Haseeb Rana ("Mr. Rana" or "defendant Rana") alleges a global conspiracy to defraud Democratic National Committee ("DNC") Donors and candidates nominated by the DNC for a President of the United States of America and Breach of Fiduciary Duty. Despite the sweeping nature of plaintiff's Complaint, he makes only conclusory charges against Mr. Rana and fails to assert any specific action Mr. Rana has taken as a part of the alleged causes of action-Fraud and Breach of Fiduciary Duty. As discussed more fully below, the claims against Mr. Rana should be dismissed.

### I. Plaintiff Lacks Standing to Sue

The party invoking federal jurisdiction bears the burden of establishing all the elements of a claim. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 107 L. Ed. 2d 603, 110 S. Ct. 596 (1990). This is not a mere tanding pleading requirement but rather an indispensable part of the plaintiff's case; each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i. e.*, with the manner and degree of evidence required at the successive

stages of the litigation. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-889, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114-115, 60 L. Ed. 2d 66, 99 S. Ct. 1601, and n. 31 (1979). Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137, 117 L. Ed. 2d 280, 112 S. Ct. 1076 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 95 L. Ed. 702, 71 S. Ct. 534 (1951). Therefore, "[I]t is presumed that a cause lies outside [the federal courts'] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, unless the plaintiff can establish by a preponderance of the evidence that the court possesses jurisdiction. See, e.g., *U.S. ex rel. Digital Healthcare, Inc. v. Affiliated Computer*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citing *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 63 (D.D.C. 2006)). Thus, the 'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim.' *Id.* (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal citation and quotation marks omitted).

Article III of the Constitution of the United States restricts the jurisdiction of federal courts to cases or controversies. *Arizona Christian School Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011); *Coalition for Mercury Free Drugs v. Sebelius*, 671 F.3d 1275, 1278-79 (D.C. Cir. 2012). The party seeking to invoke the federal court's jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561. A showing of standing "is an essential and unchanging" predicate to any exercise of our jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). In order to satisfy the "irreducible

constitutional minimum of standing," a litigant must demonstrate that it has suffered a "concrete and particularized" injury that is: 1) "actual or imminent," *Id.*; 2) caused by, or fairly traceable to, an act that the litigant challenges in the instant litigation, *Fla. Audubon Soc'y v. Bentsen*, 320 U.S. App. D.C. 324, 94 F.3d 658, 663 (1996) (citing *Allen v. Wright*, 468 U.S. 737, 752, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984); and 3) redressable by the court. *Fla. Audubon Soc'y v. Bentsen*, 320 U.S. App. D.C. 324, 94 F.3d 658, 663 (1996) (citing *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 48 L. Ed. 2d 450, 96 S. Ct. 1917 (1976). This set of criteria implements Article III by limiting judicial intervention to only those disputes between adverse parties that are " "in a form … capable of judicial resolution.' " *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 218, 41 L. Ed. 2d 706, 94 S. Ct. 2925 (1974) (quoting *Flast v. Cohen*, 392 U.S. 83, 101, 20 L. Ed. 2d 947, 88 S. Ct. 1942 (1968)).

In order to establish standing, plaintiff Webb should allege specific, concrete facts demonstrating that actions of Mr. Rana harmed Webb. General statements about a conspiracy are not be sufficient to meet this requirement. To satisfy Article III's causation requirement, plaintiff Webb must show that the alleged injury(-ies) can be directly traced to Mr. Rana's actions. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). The "fairly traceable" prong examines the "causal connection between the arguably unlawful conduct and the alleged injury" *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984). Plaintiff Webb has the sole burden to show some causal connection between his injuries and the defendant's alleged conduct. Because his complaint does not comply with those requirements, plaintiff Webb does not have standing to sue Mr. Rana.

To be redressable-under the final element of Article III standing doctrine-plaintiff Webb's injury has to be curable if a decision in Webb's favor decided. Redressability explores the causal connection between "the alleged injury and the judicial relief requested" *Allen v.*

5

*Wright*, 468 U.S. 737, 753 n.19 (1984). Because the relief sought will not remedy the alleged

injury due to its absence, plaintiff Webb lacks standing to sue Mr. Rana.

## II. Plaintiff Fails to State Claims

In determining whether a complaint fails to state a claim, the court may consider only the

facts alleged in the complaint, any documents either attached to or incorporated in the complaint

and matters of which we may take judicial notice. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*,

117 F.3d 621, 624 (D.C. Cir. 1997), see *Marshall County Health Care Auth. v. Shalala*, 300 U.S.

App. D.C. 263, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). The court must consider all well-pled

allegations in a complaint as true, and must construe all factual allegations in the light most

favorable to the plaintiff. *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8,

17 (D.C. Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d

929 (2007); *Stewart v. Nat'l Educ. Ass'n*, 374 U.S. App. D.C. 46, 471 F.3d 169, 173 (D.C. Cir.

2006)); *Macharia v. United States*, 357 U.S. App. D.C. 223, 334 F.3d 61, 64, 67 (D.C. Cir.

2003). Nevertheless, the court need not accept unsupported legal allegations, legal conclusions

couched as factual allegations, or conclusory factual allegations devoid of any reference to actual

events. *Warren v. Dist. of Columbia*, 359 U.S. App. D.C. 179, 353 F.3d 36, 39 (D.C. Cir. 2004).

A court should dismiss a complaint for failure to state a claim where a defendant can show

beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

him to relief. *Warren*, 353 F.3d at 37.

*Plaintiff's Fraud Count (Count I) Fails to State a Claim Against Defendant Rana*

The plaintiff's Complaint contains numerous conclusory charges, but no factual

allegations to support his claims against Mr. Rana. Webb construed his complaint as a random

list of unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events.

In order to prevail, plaintiff Webb must prove all the elements of fraud. Fraud is never presumed and must be particularly pleaded. It must be established by clear and convincing evidence, which is not equally consistent with either honesty or deceit. The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation. *Atraqchi v. GUMC Unified Billing Servs.*, 788 A.2d 559, 563 (D.C.2002) (quoting *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C.1977)).

Plaintiff's Complaint fails to show, even in the light most favorable to him, a single fact or piece of evidence tending to show that Mr. Rana had provided a false representation. Because Plaintiff Webb failed to state when, where, and what, if any, a false representation Mr. Rana made to Webb and other plaintiffs, in reference to material fact(s) and with knowledge of its falsity, having the intent to deceive plaintiff Webb and other plaintiffs, and plaintiff Webb and his co-plaintiffs relied upon those representation, if Webb and other plaintiffs had never met Mr. Rana or otherwise communicated with him, Plaintiff's Fraud Count (Count I) against Mr. Rana should be dismissed.[1]

---

[1] Not only has the Complaint failed to allege Fraud, it makes factual inaccurate statements. For example, Section 17 of the Complaint provides that Mr. Rana "has been a key IT employee of Debbie Wasserman Schultz maintains offices in Washington, D.C. and resides in Springfield, VA." In fact, Mr. Rana has never worked for Debbie Wasserman Schultz; nor lived in Springfield, VA or maintain any office in Washington, D.C.

*Plaintiff's Breach of Fiduciary Duty Count (Count II) Fails to State a Claim Against Defendant*

*Rana*

To state a claim for breach of fiduciary duty, plaintiff(s) "must allege facts sufficient to show (1) the existence of a fiduciary relationship; (2) a breach of the duties associated with the fiduciary relationship; and (3) injuries that were proximately caused by the breach of fiduciary duties." *Friends Christian High Sch. v. Geneva Fin. Consultants*, 39 F.Supp.3d 58, 63 (D.D.C. 2014) (quoting *Armenian Genocide & Mem'l, Inc. v. Cafesjian Family Found., Inc.*, 607 F.Supp.2d 185, 190–91 (D.D.C. 2009)).

Plaintiff Webb has failed to properly plead the elements needed to establish his legal claim. Besides the generic statement that Defendants had a fiduciary duty to the Democratic Party Class Plaintiffs, to the Citizens Class Plaintiffs, members of the Democratic Party Class, and to the Citizens Class; Plaintiff Webb cites to no other source of a fiduciary duty and point to no court decision that has determined that Mr. Rana as a citizen of the United States and former IT employee of the House of Representatives owes abovementioned institutions, individuals or entities a fiduciary duty, if any. Because plaintiff has failed to state the particular fiduciary duty owed to him or his co-plaintiffs by Mr. Rana, all other elements of this cause of action can not be established.

Without more, this Honorable Court should find that Plaintiff Webb and his co-plaintiffs have failed to allege facts to plausibly state a claim.

### III. Conclusion

Taking into consideration that plaintiff Webb failed to establish and prove standing to sue Mr. Rana and Webb's failure to state claim upon which relief can be granted, this Honorable Court should dismiss the complaint against Mr. Rana.

Respectfully submitted,

Dated: <u>December 18, 2017</u>

<u>/s/      *Jesse Winograd*</u>
Jesse I. Winograd
DC Bar No.: 986610
Gowen Rhoades Winograd & Silva PLLC
513 Capitol Court N.E., Suite 100
Washington, D.C. 20002
Phone: (202) 380-9355
Facsimile: (202) 499-1370
E-mail: jwinograd@gowenrhoades.com
*Counsel for Defendant Haseeb Rana*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**GEORGE WEBB SWEIGERT,** *et al.*,

*Plaintiffs*

**v.**

**JOHN PODESTA,** *et al.*,

*Defendants*.

**Case No: 1:17-cv-02330-RC**

**Judge Rudolph Contreras**

**ORDER**

**AND NOW**, this _____ day of _____, 201_, after consideration of Defendant Rana's Motion to Dismiss Plaintiffs' Complaint against him, it is hereby

**ORDERED** that Defendant's motion was **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiffs' Complaint against defendant Rana shall be dismissed.

It is **SO ORDERED**.

_____
**Judge Rudolph Contreras**

Copies to: All counsel of record and Plaintiff George Webb Sweigert