# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**GEORGE WEBB SWEIGERT**,

                Plaintiff,

      v.

**JOHN PODESTA ET AL.**,

                Defendants.

Case No. 1:17-cv-02330-RC

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HUMA M. ABEDIN'S MOTION TO DISMISS

Plaintiff George Webb Sweigert's ("Plaintiff" or "Mr. Sweigert") brief in opposition (Dkt. 37) to Defendant Huma M. Abedin's ("Ms. Abedin") motion to dismiss serves only to confirm that the Complaint against Ms. Abedin must be dismissed. Like the Complaint itself, Plaintiff's opposition contains no plausible allegation against Ms. Abedin. First, Plaintiff has failed to state a claim, and nothing in Plaintiff's opposition cures his failure to plead facts to support all elements of his fraud and breach of fiduciary duty claims against Ms. Abedin. Second, Plaintiff's opposition brief fails to respond to the argument that this Court lacks personal jurisdiction over Ms. Abedin. That failure alone warrants dismissal. Finally, this Court lacks subject matter jurisdiction, as Plaintiff's opposition only further demonstrates that he lacks standing and that his allegations are not plausible at all, and instead "are sufficiently fantastic to defy reality as we know it." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting). Although Plaintiff requested oral argument, Ms. Abedin submits that no oral argument on this motion is necessary and the claims against her should be dismissed with prejudice on the papers.

**ARGUMENT**

I.   **The Court Must Dismiss The Complaint For Failure to State a Claim.**

   A.   **Plaintiff Fails to Cure Necessary Defects in his Fraud Claim.**

As in the Complaint, Plaintiff's opposition does not identify any (1) false representation made by Ms. Abedin, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with intent to deceive, essential elements of a fraud claim. *See Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 275 (D.D.C. 2011) (setting forth elements of fraud claim). As such, Plaintiff does not, and cannot, identify any action taken in reliance upon Ms. Abedin's non-existent false statement. *Id*. Plaintiff instead says "false statements were made" by unidentified "conspirators," upon which unidentified donors to Bernie Sanders' presidential campaign allegedly relied. Pl.'s Opp. at 2. This does not meet Rule 9(b)'s heightened pleading requirement for fraud, as he still fails to "plead with particularity matters such as the time, place and content of the false misrepresentations, the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud." *Busby*, 772 F. Supp. 2d at 275-76. Nor do his citations to website articles[1] about Ms. Abedin's use of email during her tenure at the State Department—which predates by years the fantastic allegations in his Complaint regarding the 2016 presidential election—or a conclusory allegation that Ms. Abedin was "aware of" Sanders' donations purportedly being diverted to Hillary Clinton's presidential campaign, support any element of his fraud claim. Pl.'s Opp. at 2, 3.

   B.   **Plaintiff Fails to Establish Ms. Abedin Owes A Fiduciary Duty.**

While Plaintiff makes allegations that Ms. Abedin should have been aware of a smattering of incredible allegations of a scheme to hack voter data and funnel donations from

---

[1] Plaintiff cites to many other website articles that have nothing to do with Ms. Abedin; these have no bearing on Plaintiff's claims as to her. Pl.'s Opp. at 5, 8, 12, 14-16.

Bernie Sanders' presidential campaign to Hillary Clinton's presidential campaign, these conclusory allegations do not establish that Ms. Abedin owed Plaintiff, or any other person, a fiduciary duty.  *See* Pl.'s Opp. at 9 (alleging that Ms. Abedin breached her fiduciary duty to the "American people," DNC donors, and Bernie Sanders' voters), 12 (alleging that Ms. Abedin "would have been aware" of purported "criminal activities," and that not "alerting the public" to them "constitutes a Breach of Fiduciary Duty").  As explained in Ms. Abedin's motion to dismiss, and as a matter of law, she did not.  *See* Mot. to Dismiss (Dkt. 33) at 6-7; *Magee v. Am. Inst. Of Certified Pub. Accountants*, 245 F. Supp. 3d 106, 115 (D.D.C. 2017) ("A fiduciary relationship is founded upon trust or confidence reposed by one person in the integrity and fidelity of another" and requires a "special confidential relationship that transcends an ordinary business transaction and requires each party to act with the interests of the other in mind."). Plaintiff's breach of fiduciary duty claim must be dismissed.

### C. Under a Less Stringent Pleading Standard, Plaintiff Still Fails To State a Claim.

Plaintiff cites *Haines v. Kerne*, 404 U.S. 519 (1972), for the proposition that *pro se* litigants are held to less stringent pleading standards.  Pl.'s Opp. at 3.  Nevertheless, "despite this leniency, a *pro se* plaintiff's complaint 'must at least meet a minimal standard' of what pleadings must entail. . . . Therefore, although pro se pleadings are to be read liberally, a *pro se* litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure."  *Sindram v. Kelly*, No. CIV.A.06-1952 RBW, 2008 WL 3523161, at *3 (D.D.C. Aug. 13, 2008) (internal citations and quotation marks omitted); *see also Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 9 (D.D.C. 2007) ("Nonetheless, a pro se complaint, like any other, must present a claim upon which relief can be granted by the court.") (citation and internal quotation marks omitted).

Plaintiff fails to meet these pleading requirements, even for *pro se* parties; his claims must be dismissed.

II.     **Plaintiff Fails To Respond To Ms. Abedin's Motion To Dismiss For Lack of Personal Jurisdiction.**

"[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002). In his opposition, Plaintiff does not respond to Ms. Abedin's argument that this Court lacks personal jurisdiction over her. *See* Mot. to Dismiss at 9-11. Because Plaintiff fails to respond to Ms. Abedin's argument that this Court lacks personal jurisdiction over her, the Court should treat that argument as "conceded" and dismiss all claims against Ms. Abedin. *Hopkins*, 238 F. Supp. 2d at 178; *see also Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.*, 217 F. Supp. 3d 79, 82 (D.D.C. 2016) ("When a plaintiff fails to address arguments made in a motion to dismiss, the Court may treat those arguments as conceded.").

Plaintiff instead argues that "Jurisdiction is determined by where they [sic] original crime took place – South Capitol Street in Washington, DC." Pl.'s Opp. at 4. Construed liberally, Plaintiff is referring to a rule of venue, not of personal jurisdiction. *See* 28 U.S.C. § 1391(b)(2) (venue proper in a civil action where a substantial part of the events occurred). But the Court still does not have personal jurisdiction over Ms. Abedin. Plaintiff does not address, nor contest, that Ms. Abedin does not reside in the District of Columbia and maintains no business ties in the District of Columbia. *See* Abedin Decl. (Dkt. 33-1); Mot. to Dismiss at 10-12.

**III.   This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Action.**

    **A.   Plaintiff Lacks Standing.**

Plaintiff argues that he has standing because he donated to Bernie Sanders' presidential campaign and because millions of other Americans did as well.  Pl.'s Opp. at 6, 9.  Even taking these allegations as true, Plaintiff fails to show how he has (1) "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," (2) that the injury "fairly can be traced to the challenged action," and (3) that the injury "is likely to be redressed by a favorable decision."  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).  Even though Plaintiff cites many purported injuries of which Ms. Abedin allegedly should have been aware, Pl.'s Opp. at 9-12, Plaintiff fails to show any of these alleged injuries-in-fact are fairly traceable to Ms. Abedin's conduct.  Likewise, his citation to *S.E.C. v. Sloan*, 436 U.S. 103 (1978), is inapposite.  That was a mootness case, not one about standing.

    **B.   This Court Lacks CAFA or Diversity Jurisdiction.**

Plaintiff does not respond to Ms. Abedin's arguments that this Court lacks Class Action Fairness Act ("CAFA") or diversity jurisdiction.  *See* Mot. to Dismiss at 8-9.  Because he fails to address these arguments, the Court should dismiss the complaint for these reasons as well.  *See Dawn J. Bennett Holding*, 217 F. Supp. 3d at 82 ("When a plaintiff fails to address arguments made in a motion to dismiss, the Court may treat those arguments as conceded.").

    **C.   Plaintiff's Allegations Are Frivolous.**

Finally, Plaintiff's opposition brief is simply further evidence that Plaintiff's claims as to Ms. Abedin should be dismissed as frivolous.  *See* Mot. to Dismiss at 12-13; *Watson v. United States*, No. CIV.A 09-0268, 2009 WL 377136, at *1 (D.D.C. Feb. 13, 2009) ("Federal courts are

without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Plaintiff makes a series of frivolous arguments built upon conclusory statements about Ms. Abedin.  For example, without any explanation, Plaintiff conclusorily alleges that Ms. Abedin has "known the key Defendant Imran Awan for at least eight years since her employ [sic] at the US Department of State in 2009" and as a result, that Ms. Abedin had knowledge that Mr. Awan "had been involved in a $1M bankruptcy of Cars International Inc in 2009." Pl.'s Opp. at 8.  In light of Ms. Abedin's purported failure to tell the "American people" about these facts, Plaintiff alleges, Ms. Abedin breached her fiduciary duty. *Id*. at 9.  These are the types of frivolous and unsubstantial claims that the Court lacks jurisdiction to consider.

## CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice Plaintiff's claims against Ms. Abedin without oral argument.

Dated: February 12, 2018                                  Respectfully submitted,

By:     */s/ Karen L. Dunn*
        Karen L. Dunn (D.C. Bar No. 1002520)
        Martha L. Goodman (D.C. Bar No. 1017071)
        BOIES SCHILLER FLEXNER LLP
        1401 New York Avenue, N.W.
        Washington, D.C. 20005
        Tel: (202) 237-2727
        Fax: (202) 237-6131
        kdunn@bsfllp.com
        mgoodman@bsfllp.com
        *Attorneys for Defendant Huma M. Abedin*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of February 2018, I caused to be filed the foregoing with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which system I understand has provided electronic notice to all counsel of record, and I have caused to be served the following individual by certified U.S. mail:

    George Webb Sweigert, pro se
    Country Inn
    8850 Hampton Mall Drive N.
    Capitol Heights, MD 20743

Dated: February 12, 2018                                      By: */s/ Martha L. Goodman*
                                                                         Martha L. Goodman