UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE WEBB SWEIGERT** | : |
| *Plaintiff,* | : Civil Action No. 17-cv-02330-RC |
| v. | : |
| **PODESTA GROUP, ET AL.** | : |
| *Defendants.* | : |

## MOTION OF DEFENDANTS PODESTA GROUP AND KIM FRITTS, CEO PODESTA GROUP, FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Defendants Podesta Group and Kim Fritts, CEO Podesta Group, through counsel, move for sanctions against Plaintiff Sweigert pursuant to Federal Rule of Civil Procedure 11.

Respectfully submitted,

BY: /s/ *Timothy Cone*
Timothy Cone
DC Bar No. 465005
1509 16th Street, NW, Suite 507
Washington DC 20036
Tel: (202) 862-4333
Counsel for Defendant Podesta Group and
Kim Fritts, CEO of the Podesta Group
timcone@comcast.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE WEBB SWEIGERT** | |
| *Plaintiff,* | Civil Action No. 17-cv-02330-RC |
| v. | |
| **PODESTA GROUP, ET AL.** | |
| *Defendants.* | |

**POINTS AND AUTHORITIES OF DEFENDANTS PODESTA GROUP AND KIM FRITTS, CEO PODESTA GROUP, IN SUPPORT OF THEIR MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

The two-count complaint ("Complaint") filed by Plaintiff George Webb Sweigert ("Sweigert") alleged fraud (Count 1), and breach of fiduciary duty (Count 2), against more than a dozen defendants, including the Podesta Group and Kim Fritts, CEO of the Podesta Group (collectively, "Podesta Group"). Compl. ¶¶ 6, 8. Podesta Group moved to dismiss the Complaint, noting that this Court lacked subject matter jurisdiction over the action. DE23:7-14. In addition, because the Complaint was not supported by law or fact, Podesta Group attached to its motion to dismiss a Notice of Intent to seek Rule 11 sanctions. DE23:15-17. On September 20, 2018, this Court entered an Order and a Memorandum Opinion dismissing the Complaint as to all defendants, for lack of subject matter jurisdiction. DE52:6-18. On October 9, 2018, Plaintiff filed a Notice of Appeal. DE53. Podesta Group now files this motion for Rule 11 sanctions against Sweigert.

I.      JURISDICTION.

This Court retains jurisdiction to adjudicate this motion for Rule 11 sanctions even though Plaintiff has filed a Notice of Appeal of this Court's September 20, 2018 Order. *See McManus v.*

*District of Columbia*, 545 F. Supp. 2d 129, 133 (D.D.C. 2008) (because the district court had not yet entered a judgment of sanctions at the time the Notice of Appeal was filed, the Rule 11 request for fees or costs was not an issue or aspect of the case involved in the appeal and the district court therefore "continue[d] to have jurisdiction to consider [a party's] request for fees and costs [under Rule 11]."); *Cone Corp. v. Hillsborough County*, 157 F.R.D. 533, 535 & n. 1 (M.D. Fla. 1994) ("A District Court retains jurisdiction to impose Rule 11 sanctions after timely filing of notice of appeal of the Court's final order."); *Robinson v. Eng*, 148 F.R.D. 635, 637 (D. Neb. 1993) (same) (collecting cases).

## II.  SWEIGERT SHOULD BE SANCTIONED UNDER RULE 11.

Podesta Group's Notice of Intent to seek Rule 11 sanctions incorporated by reference the arguments of its Memorandum in Support of its Motion to Dismiss.  DE23:17. Podesta Group's Memorandum pointed out that this Court lacked subject matter jurisdiction, because "Sweigert fail[ed] to allege any causal link between the [alleged] improper use of his [$30] campaign contribution and conduct of the Podesta Group." DE23:9. It bears emphasis that in so moving for dismissal for lack of subject matter jurisdiction, Podesta Group was not invoking a technical or novel jurisdictional argument; it was simply pointing out the obvious failure to allege that the Plaintiff was harmed by the Defendants.  This Court agreed, stating: "this Court concurs with Defendants' contention that Plaintiff has failed to draw a plausible causal link between Defendants' actions and Plaintiff's only legally cognizable injury in fact." DE52:13.  This Court added: "As some of the Defendants argue, Mr. Sweigert's 'Complaint is devoid of allegations that Plaintiff donated – or took any other actions – *in reliance on* anything that Defendants said or did,' and it fails to 'isolate a single, identifiable act by any Defendant that breached the asserted duty owed to him or to the asserted class members.'" DE52:13 (emphasis in original); *compare* Podesta

Memorandum at 9, DE23:9 ("Sweigert fails to allege any causal link between the improper use of his campaign contribution and conduct of the Podesta Group, or its CEO, Kim Fritts. Sweigert does not allege, for instance, that *he relied on* any statement, act, or omission by the Podesta Group in making this donation, or that the Podesta Group received, benefited from, or controlled his donation.") (emphasis added).

In addition, Podesta Group pointed out the absence of "redressability," stating: "there is no action that this Court could undertake with respect to Podesta Group that would redress Plaintiff's generalized grievances with respect to the democratic process, free speech, and free elections." DE23:9-10. This Court agreed: "[Sweigert's] purported injury cannot be plausibly traced to any of Defendants' actions and is therefore not redressable, [and] Plaintiff lacks Article III standing to bring this action." DE53:16. This Court's observation of the absence of even plausible redressability underscores the Complaint's complete lack of merit.

It bears emphasis that the frivolousness of Sweigert's Complaint is not a close call. The Complaint is utterly deficient. For example, with regard to the hacking of the Democratic National Committee, this Court noted that "Mr. Sweigert does not explain why the purportedly illegal taking of this information might have injured *him*." DE53:12 (emphasis added). With respect to Sweigert's RICO claim, this Court noted: "his allegations fall *well short* of stating a plausible civil RICO claim." DE53:16, n. 11 (emphasis added). This Court also observed: "And when Plaintiff alleges harm done to 'all citizens of the United States,' this constitutes *by definition* a generalized grievance which cannot support standing." DE53:13 (emphasis added). Again, Podesta Group had pointed out these glaring deficiencies. *See* DE53:11 (harms Sweigert claimed "fail to amount to legally cognizable injuries in fact because Mr. Sweigert has failed to articulate how any of these allegedly wrongful acts harmed him."); DE23:8 (Podesta Group points out that "Plaintiff raises

only theoretical harm to every citizen's interest in the proper application of the Constitution and the laws.").

Further, as this Court noted, Sweigert "failed to plead either of his claims – fraud and breach of a fiduciary duty . . . with particularity," as required by the Federal Rules of Civil Procedure.  DE53:16-17, n. 11.  Podesta Group pointed out this failing in its Memorandum. DE23:3-5 "Sweigert's bare assertions fail to plead the elements of fraud, much less to plead these elements with particularity."  DE23:4.

In Compliance with Rule 11, Podesta Group gave Sweigert the requisite prior notice of its intent to seek Rule 11 sanctions.  *See Naegele v. Albers*, 355 F. Supp. 2d 129, 143-44 (D.D.C. 2005) (Rule 11 creates a 21-day "safe harbor" within which a party may withdraw the alleged offending pleading) (cited at DE23:15).  As noted above, Podesta Group's analysis of the woeful shortcomings of Sweigert's Complaint foreshadowed the grounds on which this Court would dismiss the Complaint.  Sweigert nonetheless did not withdraw his Complaint.  Now, in the face of this Court's opinion pointing out the Complaint's many glaring deficiencies, Sweigert has filed a Notice of Appeal. He should be held responsible for his willfulness.

## CONCLUSION

Defendants Podesta Group, and Kim Fritts, CEO Podesta Group, respectfully request that this Court hold Sweigert's Complaint in violation of Rule 11. Upon issuance of such an order, Podesta Group will seek reimbursement of its reasonable attorney's fees in filing its Motion to Dismiss and in seeking Rule 11 sanctions, and for other expenses directly resulting from the violation.

Respectfully submitted,

BY:  /s/*Timothy Cone*
Timothy Cone
DC Bar No. 465005
1509 16th Street, NW Suite 507
Washington DC 20036
Tel: (202) 862-4333
Fax: (202) 828-4130
Counsel for Defendant Podesta Group and Kim Fritts, CEO Podesta Group
timcone@comcast.net

## CERTIFICATE OF SERVICE

I HEREBY certify that on   November 1, 2018  , I electronically filed the foregoing documents with the Clerk of the United States District Court for the District of Columbia by using the CM/ECF system, which provides electronic notice to all counsel of record, and I have served the following individual by first-class U.S. mail and electronic mail:

George Webb Sweigert
3312 Ralston Drive
Ft. Wayne, IN 46805
georg.webb@gmail.com


                                  s/Timothy Cone
                                  Timothy Cone
                                  DC Bar No. 465005
                                  1150 Connecticut Avenue, NW 9th floor
                                  Washington DC 20036
                                  Tel: (202) 862-4333
                                  Fax: (202) 828-4130
                                  Counsel for Defendants Podesta Group
                                  and Kim Fritts, CEO Podesta Group
                                  timcone@comcast.net