# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| GEORGE WEBB SWEIGERT, | : | | |
| Plaintiff, | : | Civil Action No.: | 17-2330 (RC) |
| v. | : | Re Document No.: | 55 |
| JOHN PODESTA, *et al.*, | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION FOR SANCTIONS

## I. INTRODUCTION

*Pro se* Plaintiff George Webb Sweigert filed this putative class action against multiple individuals and entities purportedly associated with the Democratic National Party in connection with alleged actions taken during the Democratic primaries for the 2016 U.S. Presidential election. The Court dismissed the claims against all Defendants based on a lack of subject matter jurisdiction. Presently before the Court is a motion for sanctions brought by two of the named Defendants, the Podesta Group and its CEO Kim Fritts (collectively, "Podesta Group"). According to Podesta Group, Sweigert should be sanctioned because his complaint was frivolous and he did not plead his claims with particularity. As the Court will explain below, however, this is Sweigert's first suit asserting these claims, and frivolous claims do not mandate the imposition of sanctions. The Court therefore denies the motion.

## II. FACTUAL BACKGROUND

As the Court explained in detail in its prior Memorandum Opinion dismissing the complaint, *see* Mem. Op. Granting Defs.' Mot. Dismiss ("Mem. Op.") 2–5, ECF No. 52, Sweigert is a supporter of Bernie Sanders, who claimed that he contributed thirty dollars to

Sanders's presidential campaign through a fundraising apparatus called ActBlue, *see* Compl. ¶ 2, ECF No. 1. Under the belief that Podesta Group engaged in a hacking and covert funding conspiracy designed to help Sanders's opponent, Hillary Clinton, win the Democratic primaries, Sweigert filed this lawsuit, asserting claims of fraud and breach of fiduciary duty. *See id.* ¶¶ 42– 65. Specifically, Sweigert alleged that Podesta Group[1] created Defendant ARMZ Uranium Holding Company "to broker nuclear fuel and weapons deals to foreign countries," to fund Defendant Hillary for America, Clinton's campaign organization. *Id.* ¶ 46. Sweigert also alleged that Podesta Group "acted as a foreign agent of the Saudi Government and never disclosed this fact in [Foreign Agent Registration Act] declarations while having control of the DNC." *Id.* Sweigert claimed that all of these actions amounted to fraud because donors to the DNC "did not realize they were in effect, paying for favors for the Saudi government." *Id.*

Podesta Group moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] *See* Def. Podesta Group's Mem. Supp. Mot. Dismiss 2–14, ECF No. 23. Podesta Group also filed a Notice of Intent to Seek Sanctions. *See id.* at 15–17. This Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction, finding that Sweigert had failed to establish a plausible connection between his alleged injury and Defendants' actions, and that his alleged injury could not be redressed by the relief he was seeking. *See* Mem. Op. 13–17.

---

[1] The complaint also named as defendants Hillary For America, John Podesta, ARMZ Uranium Holding Company, Fusion GPS, the Democratic National Committee ("DNC"), Deborah Wasserman Schultz, Imran Awan, Abid Awan, Jamal Awan, Rao Abbas, Hina Alvi, Huma Abedin, and Anthony Weiner. *See* Compl. ¶¶ 4–19.

[2] Defendants Haseeb Rana, the DNC, Deborah Wasserman Schultz, and Huma Abedin also moved to dismiss the complaint. *See* Mem. Op. 5.

Podesta Group then filed the motion presently before the Court, a motion for sanctions under Federal Rule of Civil Procedure 11. *See* Def. Podesta Group's Mot. Sanctions ("Mot. Sanctions"), ECF No. 55. According to Podesta Group, because Sweigert's complaint was "frivolous[]," had "many glaring deficiencies," and failed to plead his claims with particularity, he "should be held responsible for his willfulness." *Id.* at 4–5. The motion seeks reimbursement of attorney's fees incurred in filing Podesta Group's motion to dismiss and motion for sanctions, as well as other expenses purportedly resulting from Plaintiff's complaint.[3] *Id.* at 6.

### III. ANALYSIS[4]

"Rule 11 provides certain bases for the imposition of sanctions, including that a party's legal contentions are frivolous or unwarranted under existing law, or that the claims have been

---

[3] In addition to monetary sanctions, "a court may employ injunctive remedies, such as . . . filing restrictions . . . , 'to protect the integrity of the courts and the orderly and expeditious administration of justice.'" *Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 98 (D.D.C. 2016) (quoting *Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989)). However, in the D.C. Circuit, pre-filing injunctions "'remain very much the exception to the general rule of free access to the courts,' and 'the use of such measures against a *pro se* plaintiff should be approached with particular caution.'" *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)). Accordingly, courts in this circuit employ a three-step approach before issuing a pre-filing injunction. *See Smith v. Scalia*, 44 F. Supp. 3d 28, 46 (D.D.C. 2014). "[F]irst, notice and the opportunity to be heard are provided; second, the court develops a record for review that considers both the number and content of the plaintiff's filings; and third, the court makes substantive findings as to the frivolous or harassing nature of the litigant's actions." *Dougherty v. United States*, 156 F. Supp. 3d 222, 236 (D.D.C. 2016) (quoting *Smith*, 44 F. Supp. 3d at 46). "[T]he requirement of notice and opportunity to be heard can be satisfied . . . so long as the affected litigants have the opportunity to contest the injunction in briefing." *Crumpacker v. Ciraolo-Klepper*, 288 F. Supp. 3d 201, 204 (D.D.C. 2018) (internal citations omitted).

Here, because Podesta Group makes no argument for nor mention of a pre-filing injunction in its motion for sanctions, the Court finds that Sweigert was not afforded the required notice and opportunity to be heard, and that the imposition of a pre-filing injunction is therefore unwarranted.

[4] Before Podesta Group filed its motion for sanctions, Sweigert filed a notice of appeal. *See* ECF No. 53. This does not, however, divest the Court of jurisdiction over the pending motion. *See McManus v. District of Columbia*, 545 F. Supp. 2d 129, 133 (D.D.C 2008) (where court has not yet entered a judgment of sanctions, notice of appeal does not divest district court

presented for an improper purpose such as harassment." *Smith v. Scalia*, 44 F. Supp. 3d 28, 45 (D.D.C. 2014) (citing Fed. R. Civ. P. 11(c)(1)).  Under Rule 11(b) specifically, a party may be sanctioned for "submit[ting] frivolous legal arguments" and for filing motions containing factual contentions that lack evidentiary support.  *See Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079–80 (7th Cir. 2018); *see also* Fed. R. Civ. P. 11(b)(2)–(3).  A court can impose sanctions on a party if "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated."  Fed. R. Civ. P. 11(c)(1).  Rule 11 sanctions can be imposed against *pro se* litigants, *see, e.g.*, *Smith*, 44 F. Supp. 3d at 45, but "such litigants are held to a 'more lenient standard than professional counsel,'" *Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 98 (D.D.C. 2016) (quoting Tracy Bateman Farrell & John R. Kennel, *Federal Procedure, Lawyers Edition* § 62:771 (2015)).  Ultimately, the Court retains "'wide discretion' in determining whether sanctions are appropriate." *Kurtz v. United States*, 779 F. Supp. 2d 50, 51 n.2 (D.D.C. 2011) (citing *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985)).

Before imposing sanctions, however, the Court must find that both procedural and substantive requirements have been met.  *See Naegele v. Albers*, 355 F. Supp. 2d 129, 146 (D.D.C. 2005).  "The procedural fairness [of a Rule 11 motion] is determined by [a] two-prong test of notice and an opportunity to respond." *Id.* (citing Fed. R. Civ. P. 11(c)).  The "motion for sanctions must be made separately from any other motion and must describe the specific conduct

---

of jurisdiction over motion for sanctions because grant of sanctions is not an issue in appeal); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action," but rather "the determination of a collateral issue," which "may be made after the principal suit has been terminated."); *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003) ("Imposition of a Rule 11 sanction is a determination of a collateral issue and a determination of a collateral issue may be made after the principal suit has been terminated for lack of jurisdiction." (citing *Cooter & Gell*, 496 U.S. at 396)).

that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). "The allegedly offending party must [also] be served twenty-one days before a motion for sanctions is filed with the Court, allowing an opportunity for that party to rectify its behavior" before sanctions are imposed. *Brown v. FBI*, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (citing Fed. R. Civ. P. 11(c)(2)).

Podesta Group met these procedural requirements here. It first filed and served Sweigert with a Notice of Intent to Seek Sanctions on December 19, 2017. *See* Mem. Supp. Mot. Dismiss 15–17. It then filed a separate motion for sanctions on November 1, 2018, *see* Mot. Sanctions 1, thereby satisfying the twenty-one day "safe harbor" period, within which Sweigert could have "withdraw[n] or correct[ed] the documents at issue." *Naegele*, 355 F. Supp. 2d at 146. In its motion, Podesta Group also specifically identified the conduct that allegedly violated Rule 11: the frivolousness of Sweigert's complaint and his failure to plead his claims with particularity. *See generally* Mot. Sanctions. Procedurally, this is all that Rule 11 required.

Podesta Group has not, however, shown that sanctions are warranted as a substantive matter. Substantively, Rule 11 requires that the Court ask whether Sweigert "conduct[ed] a reasonable inquiry into the facts and the law before filing." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc.*, 498 U.S. 533, 551 (1991). The standard is an objective "one of reasonableness *under the circumstances*." *Id.* (emphasis added). Thus, as the Court has already said, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Podesta Group argues that Sweigert's complaint was sanctionable because it was frivolous, as Sweigert's alleged injury could not plausibly be traced to Podesta Group's actions or redressed by judicial intervention. *See* Mot. Sanctions 3–4. This problem, Podesta Group

5

contends, was compounded by the fact that Sweigert failed to plead his claims with particularity. *Id.* at 5.

Pleadings alleging frivolous claims do not require sanctions under Rule 11, however. *See, e.g.*, *Stankevich*, 156 F. Supp. 3d at 98–100 (refusing to impose sanctions on *pro se* litigant even though his claims were "thoroughly meritless" and "childish, bordering on delusional"). And although the Court found that it lacked subject matter jurisdiction because Sweigert had not met the requirements for standing, it also found that Sweigert had "advanced in his complaint . . . one legally cognizable injury in fact." Mem. Op. 11. This is also the first time Sweigert has asserted these particular claims, and it is his first suit against Podesta Group. Courts are generally reluctant to impose Rule 11 sanctions on *pro se* litigants unless they have re-filed the same claim repeatedly. *See, e.g.*, *Smith*, 44 F. Supp. 3d at 45–46 (refusing to impose monetary sanctions on *pro se* litigant who had a history of "filing actions in federal court that re-raise claims that were previously rejected"); *Stankevich*, 156 F. Supp. 3d at 98 (declining to impose monetary sanctions on *pro se* litigant who brought frivolous claim because the complaint was litigant's first before the court and he had filed fewer than ten complaints relating to the same alleged harm).

Under these circumstances, then, the Court thinks that sanctions would be a disproportionate response to Sweigert's actions. Though his complaint may not have met the Federal Rules' pleading standards, it did allege a legally cognizable injury. The Court therefore concludes that, under the circumstances found here, Sweigert conducted a reasonable inquiry into the facts and law (as best as a *pro se* party can be expected to perform) before filing. Thus, sanctions under Rule 11 are unwarranted.

## IV.  CONCLUSION

For the foregoing reasons, Podesta Group's motion for sanctions (ECF No. 55) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 18, 2019                                RUDOLPH CONTRERAS
                                                      United States District Judge